## Pollock v. Simon

*Bernstein & Bernstein*, for plaintiff.

*J. B. Martin*, for defendant.

HAGAN, J., May 29, 1953.—Defendant filed a petition for an order to permit him to take oral depositions of plaintiff, pursuant to Pennsylvania Rule of Civil Procedure 4007(*b*).

In this action plaintiff seeks to recover damages from defendant for personal injuries alleged to have been sustained by her as result of having been struck by an automobile owned and operated by defendant while plaintiff was crossing an intersection.

The petition sets forth that "defendant desires to take the oral depositions of the plaintiff to determine from the plaintiff what observations she made, where she was at the time of such observations and her best recollection of her estimate of the speed and position of defendant's car as she the plaintiff entered and walked across the street where the accident occurred"; and that "defendant desires this information in order to marshal the facts pertaining to the plaintiff's contributory negligence in connection with this accident in order to establish at the trial of the case a prima facie defense."

If the facts which defendant seeks to discover by the oral depositions of plaintiff are necessary to pre-

pare his pleadings or to prepare his defense, then his petition should be granted, in accordance with Pa. R. C. P. 4011 (c) (4), unless it appears that the facts which are the subject of discovery are known to defendant, in which event discovery should be denied, in accordance with Pa. R. C. P. 4011 (c) (3).

In opposing defendant's petition, plaintiff contends: (1) That the discovery sought is not necessary to prepare the pleadings of defendant, for the obvious reason that no pleading by defendant is required unless he desires to deny that he was the owner and operator of the automobile which struck plaintiff and (2) it must be assumed, in the absence of any averment to the contrary, that the facts which defendant seeks to discover are as well known to him as to plaintiff.

Plaintiff's contentions are sound. Discovery of the facts set forth in the petition is not required by defendant for the purpose of filing a pleading; and if the facts in respect to which discovery is sought are deemed to be necessary by defendant to prove his defense, it must be assumed, under the circumstances of this case and in the absence of any averment to the contrary, that such facts are as much within the knowledge of defendant as plaintiff. There is no averment in the petition that at the time of the alleged accident defendant did not see plaintiff and observe her movements, and the speed and position of defendant's car at the time are certainly facts which are known to plaintiff or with which he must be charged with knowledge.

On its facts this case is essentially different from Knight v. Tulsa Bar, Inc. (C. P. No. 1, June term, 1952, no. 6780, decided on December 5, 1952), where this court permitted discovery when it appeared that plaintiff was injured in a barroom brawl and sought to recover damages from defendant on the ground that the latter was causatively negligent in serving alco-

holic beverages to visibly intoxicated persons on the premises.

In the instant case plaintiff will be required at trial to show the very facts in respect to which defendant now seeks discovery. Thus, plaintiff, in order to establish the negligence of defendant and present a case free of contributory negligence, will be required to testify as to the observations she made before and after she committed herself to the intersection, the places at which such observations were made, and the speed and position of the automobile driven by defendant. Defendant will then have an opportunity to cross-examine plaintiff in respect to these matters; and thereafter, as the driver of the automobile which allegedly struck plaintiff, defendant will have the opportunity of refuting, if he can, the testimony of plaintiff.

We, therefore, conclude that the Rules of Civil Procedure do not permit discovery of the facts which defendant here seeks from plaintiff. In so ruling we are in accord with the decisions of President Judge Smith, of the Court of Common Pleas No. 5, in the case of Viscusi v. Pidgeon, 80 D. & C. 574; the decision of Judge Flood, of the Court of Common Pleas No. 6, in the case of Barlow v. Waples et al., 82 D. & C. 1; and the decision of Judge Alessandroni, of the Court of Common Pleas No. 5, in the case of Singer v. Kitty Kelly Market Street Corporation, 81 D. & C. 383.

Discovery under the Pennsylvania Rules of Civil Procedure was neither intended to permit "trial by deposition", as is aptly stated by Judge Alessandroni in the Singer case, supra; nor to allow a plaintiff or defendant to "procure a script for the trial", as is pertinently expressed by Judge Flood in the Barlow case, supra.

And now, May 29, 1953, the petition of defendant for the discovery sought is hereby denied.